IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | No. 22-cr-30022 |
| ) | |
| **ORLANDO D. FARLEY,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge.**

In May 2022, a grand jury indicted Defendant Orlando Farley on one count of possession of a firearm by a prohibited person. See Indictment, d/e 1. Mr. Farley has two prior convictions for misdemeanor domestic violence. Each conviction disqualified Mr. Farley from possessing a firearm. 18 U.S.C. § 922(g)(9).

Now before the Court is Mr. Farley's motion to dismiss his single-count Indictment. See Def.'s Mot., d/e 15. Mr. Farley argues that, under the "historical tradition" test set forth in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), § 922(g)(9) is facially unconstitutional. Mr. Farley's motion is DENIED.

## I. BACKGROUND

In the early morning of March 8, 2022, three Chatham police officers pulled over a black Hyundai SUV for speeding.[1] Mr. Farley was in the Hyundai's front passenger seat. After ordering all the occupants out of the vehicle, the officers noticed a bullet lying directly behind where Mr. Farley had been sitting. Eventually, the officers unearthed a black Ruger LCP Max .360-caliber pistol, which had been stashed underneath the rear seat. Mr. Farley told the officers that he had found the gun outside his Springfield home.

On May 4, 2022, a grand jury returned a single-count Indictment against Mr. Farley. See d/e 1. The Indictment charges Mr. Farley with violating 18 U.S.C. § 922(g)(9), which provides that:

> It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

---

[1] The Court takes these facts from Mr. Farley's motion, which relies in turn on the facts set forth in the officers' reports.

<u>Id.</u>  Mr. Farley has two prior convictions for "misdemeanor crime[s] of domestic violence."  In 2016, Mr. Farley pled guilty in Winnebago County Circuit Court to one count of Domestic Battery/Bodily Harm, a Class A misdemeanor under Illinois law.  <u>People v. Farley</u>, No. 2016-CM-1241 (Cir. Ct. Winnebago Cnty.).  Two years later, Mr. Farley pled guilty to Domestic Battery in Sangamon County.  <u>People v. Farley</u>, No. 2018-CM-1431 (Cir. Ct. Sangamon Cnty.).

## II. LEGAL STANDARD

A motion brought under Federal Rule of Criminal Procedure 12(b)(3) challenges the legal sufficiency of an indictment.  <u>United States v. Moore</u>, 563 F.3d 583, 585. (7th Cir. 2007).  "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."  <u>Id.</u> at 586 (citation omitted).  Rather, this Court must determine "whether it's possible to view the conduct alleged" in the indictment as a violation of a valid federal criminal law.  See <u>id.</u>

Mr. Farley moves to dismiss his Indictment by raising a facial constitutional challenge to § 922(g)(9).  "A facial challenge to a legislative [a]ct is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of

circumstances exists under which the [a]ct would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).

### III. DISCUSSION

18 U.S.C. § 922(g)(9) prohibits anyone convicted of a domestic-violence misdemeanor from possessing a gun.  Reasoning that domestic violence hardly was a prosecutable crime during the Founding era, let alone a crime worthy of disarmament, Mr. Farley argues that § 922(g)(9) violates the Second Amendment.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In District of Columbia v. Heller, the Supreme Court held that the Second Amendment guarantees "law-abiding, responsible citizens" the right to possess a handgun in the home for self-defense.  554 U.S. 570, 634 (2008); see also McDonald v. City of Chicago, Ill., 561 U.S. 74 (2010) (incorporating against the states this understanding of the Second Amendment).  And in Bruen, the Court extended that right "outside the home."  142 S. Ct. at 2122.

Bruen also announced a new analytical mode for evaluating the constitutionality of a firearm regulation.  Before Bruen, the

courts of appeals had "coalesced around a 'two-step' framework." Id. at 2125.  At the first step, a court would consider whether the target of the regulation fell within the Second Amendment's "original scope."  If so, the court would subject the regulation to means-ends scrutiny; if not, the analysis ended there.  E.g., Kanter v. Barr, 919 F.3d 437, 441 (7th Cir. 2019).  But the Bruen Court found that this approach involved "one step too many."  Bruen, 142 S. Ct. at 2127.  Instead, as Justice Thomas wrote for the majority,

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

Id. at 2129–30.

Mr. Farley contends that Bruen's new test applies to state regulations and federal criminal laws with equal force.  In Mr. Farley's view, all restrictions on the right to bear arms must now fit within "the Nation's historical tradition of firearm regulation."  But this argument, if taken to its logical end, would compel the

reevaluation of untold thousands of statutes, appellate precedents, convictions, fines, and forfeitures. The Court finds no support in Bruen for such a drastic proposition. "All that [the Supreme Court] decide[d] in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense." Id. at 2159 (Alito, J., concurring).

In fact, Bruen's limitations are quite clear. The subject of the Bruen Court's scrutiny was a single provision of New York's concealed-carry licensing regime: a requirement that prospective licensees "demonstrate a unique need for self-defense." Id. at 2125. This "proper-cause requirement," the Court held, violated the Second Amendment because it "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." Id. at 2156 (emphasis added). Yet the Court also took pains to emphasize the petitioners' status as "law-abiding citizens"—a phrase repeated no fewer than eighteen times in the majority and concurring opinions. And the Court refrained from applying its new test to any of New York's other concealed-carry restrictions, including the requirement that permit-holders have "no history of crime or mental illness." Id. at 2123. In other words,

Bruen "decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun." Id. at 2157 (Alito, J., concurring). Indeed, "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations." Id. at 2162 (Kavanaugh, J., concurring) (citing Heller, 554 U.S. at 626–27).

The lower courts largely have heeded these limiting principles. Since June, "dozens of federal courts have been asked to address the constitutionality of state and federal firearms restrictions." Order, ECF No. 65, United States v. Bullock, No. 18-cr-165 (S.D. Miss. Oct. 27, 2022) (Reeves, J.). Nearly all these challenges have been unsuccessful. See United States v. Garrett, No. 18-cr-880, 2022 WL 157961, at *3 (N.D. Ill. Jan. 11, 2023) (collecting cases). And every court that has been asked to invalidate § 922(g)(9) on constitutional grounds has declined to do so. United States v. Bernard, No. 22-cr-03, 2022 WL 17416681, at *8 (N.D. Iowa Dec. 5, 2022) (denying motion to dismiss § 922(g)(9) indictment for facial invalidity); United States v. Anderson, No. 21-cr-13, 2022 WL 10208253, at *1 (W.D. Va. Oct. 17, 2022) (same); United States v. Nutter, No. 21-cr-00142, 2022 WL 3718518, at *6–7 (S.D. W.Va.

Aug. 29, 2022) (same); United States v. Jackson, No. 22-cr-59, 2022 WL 3582504, at *3 (W.D. Okla. Aug. 19, 2022) (same).

Mr. Farley's position simply cannot be squared with Bruen. Properly understood, Bruen "did not overturn, abrogate, or otherwise suggest that the longstanding prohibitions identified in Heller, including the prohibition of possession of firearms by felons, may no longer be lawful." See United States v. Minter, No. 22-cr-135, 2022 WL 10662252, at *6 (M.D. Pa. Oct. 18, 2022); see also United States v. Gonzalez, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (dismissing as-applied challenge to § 922(g)(1) as "frivolous," and noting that felon-in-possession laws have "not been meaningfully questioned by courts to date").  This Court, therefore, remains bound by "Heller, its progeny, and the [Seventh] Circuit cases addressing the constitutionality of" § 922(g)(9).  See Minter, 2022 WL at *6.

In the end, Circuit precedent forecloses Mr. Farley's request. In United States v. Skoien, decided nearly two years after Heller, an en banc Seventh Circuit considered an indistinguishable facial challenge to § 922(g)(9).  A near-unanimous majority of that court held § 922(g)(9) constitutional.  614 F.3d 638, 643–45 (7th Cir.

2010) (en banc). This Court cannot hold otherwise. <u>Reiser v. Residential Funding Corp.</u>, 280 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, . . . so district judges must follow the decisions of this court whether or not they agree.").

### IV. CONCLUSION

For these reasons, Defendant Orlando Farley's Motion to Dismiss (d/e 15) is DENIED.

**IT IS SO ORDERED.**

**ENTERED: FEBRUARY 8, 2023**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**